# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AFFAN SIRAJ ZUHAYR EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00520-RWS |
| | ) | |
| JOHN BODENHAUSEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On June 30, 2022, the Court ordered plaintiff Affan Siraj Zuhayr El to either file a motion for leave to proceed in forma pauperis or pay the entire filing fee. (Docket No. 7). He was sent a copy of the Court's motion for leave to proceed in forma pauperis form, and given thirty days in which to respond. In reply, plaintiff has submitted an "Affidavit of Fact" that fails to comply with the Court's order. Accordingly, for the reasons set forth below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who filed a civil action on May 11, 2022, naming Judge John Bodenhausen and Clerk of Court Gregory Linhares as defendants. (Docket No. 1). Along with the complaint, plaintiff submitted an "Affidavit of Financial Statement." (Docket No. 2). In the affidavit, he stated that he is a member of the Moorish Science Temple of America, and that he is "Not a Corporate Person or Entity, Misrepresented by Fraudulent Construct of ALL CAPITAL LETTERS." (Docket No. 2 at 1). Plaintiff further asserted that the United States Constitution provides for the payment of debt in "gold or silver coin" only. (Docket No. 2 at 2). As he does not have any gold or silver coins, he insisted that he has a "right to free access to the

courts." Plaintiff also contended that the Court's "demand" for a financial statement is "an instrument to deny [him] due process of law."

On June 30, 2022, the Court reviewed plaintiff's affidavit and determined that it does not comply with 28 U.S.C. § 1915. (Docket No. 7). In particular, the Court noted that § 1915 requires a person seeking in forma pauperis status to submit "an affidavit that includes a statement of all assets" the individual possesses. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's affidavit did not include this information. As such, the Court directed plaintiff to either file a motion for leave to proceed in forma pauperis or pay the filing fee within thirty days. To aid his compliance, the Court sent him a copy of its motion for leave to proceed in forma pauperis form. Plaintiff was warned that his failure to comply with the Court's order would result in the dismissal of this action.

In response to the Court's order, plaintiff submitted a document titled "Affidavit of Fact" on July 28, 2022. (Docket No. 8).

### Plaintiff's "Affidavit of Fact"

In plaintiff's "Affidavit of Fact," he asserts that he is "in receipt of [the Court's] instrument dated 06/30/2022." (Docket No. 8 at 1). He goes on to state that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." According to plaintiff, he is a:

> Religious Moorish American National, Aboriginal, Indigenous, Ambassador, Consul, Minister, Natural Person, and not a nom-de-guerre, straw man, or any other artificial corporate construct as written in all CAPITAL LETTERS, by the unclean hands of others…

(Docket No. 8 at 2). In other words, he contends that he is "Sovereign…to this Land," and that a "Sovereign is exempt from suit."

2

Plaintiff accuses the Court of having made a "misrepresented assumption that [his] Affidavit was a Motion," when it is actually the "exercise of a Right." He quotes the Missouri Constitution for the proposition that "the courts of justice shall be open to every person…and justice shall be administered without sale, denial or delay." As before, plaintiff also explains that he "does not have or possess any gold or silver coins," which are the only tender for the payment of debts. (Docket No. 8 at 3).

Rather than responding to the Court's order, plaintiff devotes much of his affidavit to disparaging the Court. For instance, he suggests that "access to the court, which is a Constitutional Right, is for sale." (Docket No. 8 at 4). He also alleges that the Court has somehow violated its "solemn Oath to uphold and Support the Constitution for the United States Republic," and has denied him due process. (Docket No. 8 at 3). He argues that the Court's "demand for a Financial Statement is [being] used as an instrument to deny due process of Law and [his] right to free access to the Courts." Furthermore, he asserts that after he "introduced an Affidavit of Fact, marked as Evidence," some unidentified person "in the Courts tampered with that Evidence, and misrepresented it as a Motion."

Plaintiff closes the "Affidavit of Fact" by stating that "it is obligatory upon the Officers of the United States District Court [for the] Eastern District of Missouri to terminate this matter and proceed with the original complaint submitted," and to "hold [defendants] in default, and award default judgment." (Docket No. 8 at 4). In addition, he seeks to have "[a]ll officers and parties involved be sanctioned for their violations against the law and the rights of the people, of which they have an oath bound and fiduciary duty to uphold, protect and preserve." (Docket No. 8 at 5). Finally, plaintiff demands "free access to the Court" without the payment of a filing fee.

3

**Discussion**

On June 30, 2022, the Court ordered plaintiff to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Plaintiff has done neither. Rather, he has submitted a document arguing that he does not have to pay a filing fee, suggesting improprieties by Court personnel, and accusing the Court of violating the Constitution. This does not comply with the Court's order. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice.

**A. Requirements of 28 U.S.C. § 1915**

The Clerk of Court in each district court is required to collect a filing fee from any party "instituting any civil action, suit or proceeding in such court." *See* 28 U.S.C. § 1914(a). For persons unable to pay the fee, 28 U.S.C. § 1915 allows a party to proceed in forma pauperis. *See Greaser v. State of Missouri, Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998). This statute "is designed to ensure that indigent persons will have equal access to the judicial system." Pursuant to § 1915, a federal district court may authorize the commencement of a civil action without prepayment of the fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses." 28 U.S.C. § 1915(a)(1). *See also* E.D. Mo. L.R. 2.05(A) ("An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case").

In forma pauperis status, however, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a plaintiff has to demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331,

339 (1948). The determination of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is within the sound discretion of the trial court. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000).

### B. Requirement to Comply With Court Orders

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). To that end, Rule 41(b) of the Federal Rules of Civil Procedure "provides that a court may dismiss a case for failure to comply with court orders." *In re Reid*, 197 F.3d 318, 320 (8th Cir. 1999). If a self-represented plaintiff fails to comply with a court order, the court may dismiss the action on its own initiative. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). *See also Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with court order, where plaintiff failed to follow order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

### C. Plaintiff's Response Fails to Comply With the Court's Order of June 30, 2022

In this case, plaintiff initially filed an "Affidavit of Financial Statement" along with his complaint. As noted above, this particular affidavit did not provide any financial information. Instead, it consisted of citations from caselaw and the United States Constitution, and asserted that plaintiff did not have to pay a filing fee because he did not possess "any gold or silver coins." The Court determined that this filing did not comport with 28 U.S.C. § 1915, and directed plaintiff to file a motion for leave to proceed in forma pauperis or pay the filing fee. He was also sent a copy of the Court's motion for leave to proceed in forma pauperis form. Plaintiff was warned that his failure to comply would result in the dismissal of this action.

5

In response, plaintiff submitted an "Affidavit of Fact." Once again, he refused to provide any financial information. Instead, plaintiff accused the Court of violating its oath, of violating the constitution, and of tampering with his evidence. He also maintained his position that debts can only be paid in gold or silver coins, and that he does not possess any gold or silver coins. As such, plaintiff demanded "free access to the Court by Right."

Despite the Court's warning of potential dismissal, plaintiff has not filed a motion for leave to proceed in forma pauperis or paid the filing fee. His "Affidavit of Fact" does not comply with 28 U.S.C. § 1915 or with the Court's local rules. Specifically, the "Affidavit of Fact" does not include "a statement of all assets [plaintiff] possesses." *See* 28 U.S.C. § 1915(a)(1). *See also* E.D. Mo. L.R. 2.05(A).

Furthermore, plaintiff's argumentative response indicates a willful refusal to follow the directions in the Court's June 30, 2022 order. As already discussed, the Court ordered plaintiff to either move for leave to proceed in forma pauperis or pay the filing fee, and also provided him with a form motion to aid his compliance. He responded with frivolous accusations and dubious legal assertions.

The Court also notes that plaintiff has engaged in this behavior before. In *Zuhayr El v. Snead, et al.*, 2:22-cv-22-HEA (E.D. Mo. May 11, 2022), plaintiff was ordered to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Plaintiff rejoined by submitting both an "Affidavit of Fact" and an "Affidavit of Financial Statement," similar to those filed in the instant case. When the Court again ordered him to file a motion for leave to proceed in forma pauperis, he filed a "Writ in Forma Pauperis," demanding free access to the Court and accusing the Court of constitutional violations. On June 28, 2022, the Court dismissed plaintiff's action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. This dismissal occurred before the

6

Court's June 30, 2022 order, meaning that plaintiff's subsequent filings in the instant case were made with an understanding of the consequences.

Even though he is proceeding pro se, plaintiff is still required to comply with the Court's orders. *See Ackra Direct Marketing Corp.*, 86 F.3d at 856. If plaintiff fails to comply with an order, the Court can dismiss his action on its own initiative. *See Brown*, 806 F.2d at 803. In this case, as set forth above, plaintiff has failed to comply with the Court's order requiring him to either file an appropriate motion for leave to proceed in forma pauperis or pay the filing fee.  More to the point, he has steadfastly and intentionally refused to comply, despite being warned of dismissal. Therefore, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of June 30, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

Dated this 3rd day of August, 2022.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE